COOKS, Judge.
hOn July 9, 2003, Defendant, Matthew James Nolan, was found guilty of second degree murder following a bench trial. The Defendant was sentenced to life imprisonment without the benefit of parole, probation or suspension of sentence on November 7, 2003. The Defendant appealed and this court affirmed his conviction and sentence on November 7, 2003. State v. Nolan, 04-360 (La.App. 3 Cir. 9/29/04), 882 So.2d 1246.
The Defendant filed an application for post-conviction relief in the trial court on June 17, 2005. A hearing on the Defendant’s application for post-conviction relief was held on March 3, 2006. The matter was taken under advisement, and on March 20, 2006, the trial court issued a “Ruling on Post-Conviction Relief Application,” in which the application was denied. The Defendant filed a motion for appeal from the trial court’s judgment denying his application for post-conviction relief, which was granted by the trial court on April 11, 2006.
On August 7, 2006, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. The Defendant filed a brief with this court in response to the rule in which he acknowledges that the judgment is not an appeal-able judgment, but requests that the notice of appeal be changed to a notice of intent to file for supervisory writs.
Louisiana Code of Criminal Procedure Article 930.6(A) provides:
The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an *929 application for post conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief. (Emphasis added.)
Accordingly, the appeal in this case is hereby dismissed. Defendant-Appellant, Matthew James Nolan, is hereby permitted to file a proper application for supervisory |2writs, in compliance with Uniform Rules — Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules — Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.
APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.